**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALI S. MUHAMMAD,                                )<br>                                                             )<br>     Plaintiff,                                        )<br>                                                             )<br>v.                                                         )    CIVIL ACTION FILE<br>                                                             )    1-09-cv-0138<br>WASHINGTON MUTUAL HOME        )<br>LOANS, INC.; WASHINGTON MUTUAL )<br>BANK (WMB); SHAPIRO &                )<br>SWERTFEGER, LLP; and DEUTSCHE )<br>BANK NATIONAL TRUST COMPANY, )<br>A Trustee for Long Beach Mortgage Loan )<br>Trust 2006-8,                                       )<br>                                                             )<br>     Defendants.                                    )<br>                                                             ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEUTSCHE BANK NATIONAL TRUST COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This dispute arises out of private, arms-length mortgage transactions between Plaintiff and Defendant Washington Mutual Bank. Plaintiff fails to assert any claims against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"). Further, even assuming Plaintiff's Complaint can be read to include claims against Deutsche Bank, he fails to allege facts that would support <u>any</u> cause

1

of action against Deutsche Bank.[1]  Specifically, under the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390, *et seq.*, Plaintiff's claim must fail because the statute does not apply to the subject transactions as a matter of law. Accordingly, Deutsche Bank respectfully requests that the Court dismiss all Plaintiff's claims against Deutsche Bank for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    **Procedural and Factual Background**

Plaintiff filed the Complaint against Defendants Washington Mutual Bank, Washington Mutual Home Loans, Inc. (collectively referred to herein as "WaMu"), Shapiro & Swertfeger, LLC, and Deutsche Bank (collectively referred to herein as "Defendants") in the State Court for Fulton County on December 15, 2008 for violations of the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. §§ 10-1-390, *et seq*.  (*See* Compl.)  On December 31, 2008, Plaintiff filed a First Amended Complaint, again in the State Court for Fulton County.  (*See* Am. Compl.)  The First Amended Complaint incorporates all allegations contained in

---

[1] There is no allegation in the Complaint detailing any alleged relationship between Defendant Washington Mutual Bank and Deutsche Bank.  Indeed, Deutsche Bank is only mentioned **once** in the entire Complaint in Paragraph 5, wherein it states Deutsche Bank is "a trust organized in the state of California, registered in the state of Georgia and may be served by service upon the Secretary of State of Georgia, Atlanta, Georgia." (Compl. ¶ 5.)  After Paragraph 5, Deutsche Bank is not mentioned again.

the initial Complaint and purports to add an additional mortgage transaction. (*Id.*) Deutsche Bank removed this action to this Court on Friday, February 16, 2009. (Doc. 1.)

Plaintiff alleges that WaMu lent money to Plaintiff for the purchase of certain real properties (Compl. ¶ 8; *see* Am. Compl.), which are subject to deeds to secure debt held by WaMu. (Compl. ¶ 7; *see* Am. Compl.) Plaintiff alleges that WaMu exacted an Adjustable Rate Mortgage with varying interest based on the value of the property at the time of purchase. (Compl. ¶ 9.) Plaintiff alleges that the value of the property has decreased, the rental base has shrunk and repayment is difficult or impossible under the current circumstances. (*Id.*) Plaintiff alleges that WaMu knew or should have known that this would occur, making "[s]aid acts or failure to act on the part of the Defendants [a] violation of the [FBPA] . . . ." (Compl. ¶¶ 9, 10.)

Further, Plaintiff alleges that "[o]n the date of the closing and inception of each loan seen in Paragraph Number Seven (7) hereof, Defendant [WaMu] represented to Plaintiff that a substantial fund could be earned through the use and rental at the said prospective rentals, at their respective values but failed to advise that the value was likely to drop or decrease lowering the actual rental base." (Compl. ¶ 14.) Plaintiff alleges that he acted in reliance on "Defendant [WaMu]

and their representatives" and that "said practice was a willful and intentional violation of the [FBPA] . . . ."  (Compl. ¶¶ 14-16.)

Finally, Plaintiff alleges that as a result of WaMu's violations of the FBPA, he is entitled to damages in the sum of $700,000.00, punitive damages of $750,000.00, attorney's fees, and expenses of litigation.  (Compl. ¶ 11, 12, 16, and Prayer for Relief.)

None of the foregoing relate to <u>any</u> wrongdoing by Deutsche Bank.

## II. <u>Argument and Citation of Authority</u>

### a. Rule 12(b)(6) Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) should be granted when the plaintiff fails to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (dismissing plaintiffs claims).  In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), "the plaintiff's factual allegations are accepted as true."  *Davila v. Delta Air Lines, Inc.*, 326 F. 3d 1183, 1185 (11th Cir. 2003).  However, the Court "need only accept well-pleaded facts and reasonable inferences drawn from those facts."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (internal quotations and citations omitted).  "[U]nsupported conclusions of law or of mixed fact and law have long been

recognized not to prevent a Rule 12(b)(6) dismissal." *Id.* (internal quotations and citations omitted); *accord Davila*, 326 F.3d at 1185 ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

Further, even under a liberal pleading standard, a complaint must still "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (internal quotations and citations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). Based on these well-established principles and as shown herein, Plaintiff's claims under the FBPA must be dismissed for failure to state a claim upon which relief can be granted.

### b. Plaintiff Has Not Levied <u>Any</u> Allegations Against Deutsche Bank

Plaintiff has failed to make any factual allegations about Deutsche Bank and further fails to assert any legal cause of action against Deutsche Bank. Indeed, there are no allegations of any wrongdoing in the Complaint relating specifically to Deutsche Bank. Deutsche Bank is only mentioned **<u>once</u>** in the entire Complaint in Paragraph 5, wherein it states Deutsche Bank is "a trust organized in the state of California, registered in the state of Georgia and may be served by service upon the

Secretary of State of Georgia, Atlanta, Georgia." (Compl. ¶ 5.) After Paragraph 5, Deutsche Bank is not mentioned again. Plaintiff pleads his claims as against "Defendant Washington Mutual Home Loans, Inc." only. (Compl. ¶¶ 8, 10.) The complete absence of any allegations whatsoever against Deutsche Bank requires this Court to dismiss Deutsche Bank as a party to this action.

### c. The FBPA Does Not Apply to The Transactions At Issue

Even assuming *arguendo* for purposes of this Motion only that Plaintiff's Complaint may be read as purporting to assert a cause of action against Deutsche Bank under the FBPA, Plaintiff's claim must fail because the FBPA does not apply to the subject transactions as a matter of law. "The FBPA is no panacea for the congenial ills of the marketplace [and] does not instantly convert every breach of contract [or misrepresentation] into a violation of the [FBPA]." *Lynas v. Williams*, 216 Ga. App. 434, 436, 454 S.E.2d 570, 573 (1995) (internal citations and quotations omitted). Instead, the FBPA has a "restricted application only to the unregulated consumer marketplace." *Chancellor v. Gateway Lincoln-Mercury*, 233 Ga. App. 38, 44, 502 S.E.2d 799, 805 (1998). As demonstrated herein, Plaintiff's claims are clearly aimed at a regulated market – the mortgage industry – and a private transaction—between WaMu and Plaintiff. For these reasons, Plaintiff's claims are outside the scope of the FBPA and must be dismissed.

i. <u>Regulated Transactions Are Exempt from the FBPA</u>

The FBPA does not apply to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." O.C.G.A. § 10-1-396(1). The Georgia legislature did not intend for the FBPA to apply in regulated areas of activity, such as mortgage loan transactions, because "regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise." *Brogden v. Nat'l Healthcare Corp.*, 103 F.Supp.2d 1322, 1336 (N.D. Ga. 2000). Indeed, this Court has held already that the FBPA "does not apply to residential mortgage transactions." *Zinn v. GMAC Mortgage*, No. 1:05cv01747-MHS, 2006 WL 418437, *4 (N.D. Ga. Feb. 21, 2006).

Plaintiff's entire Complaint arises out of certain residential mortgage loan transactions to which the FBPA does not apply. *See Zinn*, 2006 WL 418437 at *4 (holding that the "GFBPA does not apply to residential mortgage transactions"); *see also Taylor v. Bear Stearns & Co.*, 572 F. Supp. 667, 675 (N.D. Ga. 1983) (dismissing plaintiff's claim under the FBPA because the FBPA does not apply to actions regulated by the Securities and Commodity Exchange Acts). Therefore, Plaintiff's entire Complaint must be dismissed.

### ii. The FBPA Does Not Apply to Private Transactions

O.C.G.A. § 10-1-399 does not "encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction." *Lynas*, 216 Ga. App. at 436, 454 S.E.2d at 573. "[I]f the deceptive or unfair act or practice had or has no potential for harm to the general consuming public, the allegedly wrongful act of the defendant was not made in the context of the consumer marketplace." *Id*. Essentially private transactions fall outside the scope of the FBPA "because the FBPA seeks to prohibit public conduct in the market that is unfair or deceptive, that has actual or potential harm to the consumer public, and that encourages consumer transactions as a consequence of such prohibited conduct." *Chancellor*, 233 Ga. App. at 44, 502 S.E.2d at 805.

In a case nearly identical to the one at bar, *Zinn*, the plaintiff alleged that GMAC Mortgage committed unfair and deceptive acts during the closing of a mortgage loan transaction. *See Zinn*, 2006 WL 418437 at *4. Judge Shoob ruled that the FBPA "does not apply to plaintiff's transactions because the alleged violation did not affect the consuming public generally." *Id.* Judge Shoob dismissed the plaintiff's claim for relief under the FBPA on this ground, among others. *Id*.

Similar to the plaintiff in *Zinn*, the FBPA does not apply to the private loan transactions that form the basis for Plaintiff's Complaint because the alleged violation of the FBPA did not affect the consuming public generally. *See id.*; *Lynas*, 216 Ga. App. at 454 S.E.2d at 573; *Chancellor*, 233 Ga. App. at 44, 502 S.E.2d at 805. Thus, "because the alleged damage only impacted [P]laintiff, [P]laintiff may not proceed for relief under the GFBPA" and Plaintiff's claims under the GFBPA should be dismissed. *Zinn*, 2006 WL 418437 at *4; *see also Taylor*, 572 F. Supp. at 673 (dismissing plaintiff's claim under the FBPA because the FBPA does not apply to "private wrongs occurring outside the context of the public consumer marketplace").

### d. Plaintiff Cannot State a Claim Because Plaintiff Is Not Entitled – as a Matter of Law – To Rely on Any Representations by any Defendant as to the Value of the Properties

A private FBPA claim has three elements: (1) a violation of the FBPA; (2) causation; and (3) injury. *Zeeman v. Black*, 156 Ga. App. 82, 86-87, 273 S.E.2d 910, 916 (1980). Additionally, a plaintiff alleging that the FBPA was violated as a result of a misrepresentation, such as Plaintiff Muhammad, must prove justifiable reliance. *Lynas*, 216 Ga. App. at 437, 454 S.E.2d at 574 ("justifiable reliance is an essential element" of a FBPA claim). Plaintiff claims that he relied on "representations" as to the values of certain real property made by certain

Defendants. (Compl. ¶ 14.) First and foremost, there is not one allegation that Deutsche Bank made *any* representations to Plaintiff, let alone allegedly false ones. Even assuming *arguendo* for purposes of this Motion only that Deutsche Bank made any misrepresentations to Plaintiff concerning the value of the subject properties, any reliance by Plaintiff on any such claimed representation is misplaced as a matter of law.

In Georgia, a mortgage transaction is an arm's length transaction. *Dollar v. NationsBank of Ga., N.A.,* 244 Ga. App. 116, 117, 534 S.E.2d 851, 853 (2000). As a matter of law, there is no confidential relationship between lender and borrower in a mortgage transaction because "they are creditor and debtor with clearly opposite interests." *Pardue v. Bankers First Fed. Savs. & Loan Ass'n*, 175 Ga. App. 814, 814, 334 S.E.2d 926, 927 (1985); *Saffar v. Chrysler First Bus. Credit Corp.,* 215 Ga. App. 239, 241-42, 450 S.E.2d 267, 270. The lender's "primary duty [in mortgage transactions] is to protect its interest in the security of the mortgage." *Dollar*, 244 Ga. App. at 117, 534 S.E.2d at 853. As such, any valuation of property performed by the lender or at the request of the lender is not for the borrower's benefit, but for the purpose of protecting the lender's interest in its collateral. *See Dollar*, 244 Ga. App. at 117, 534 S.E.2d at 853 (lender's

determination as to whether property was in a flood hazard zone was for lender's benefit, not borrower's).

As a result, Plaintiff has no right, as a matter of Georgia law, to rely on any representations or nondisclosures by any of the Defendants related to the value of property. *Dollar*, 244 Ga. App. at 117, 534 S.E.2d at 853 (borrower was not entitled to rely on lender's determination as to whether property was in a flood hazard zone); *Pardue*, 175 Ga. App. at 814, 334 S.E.2d at 927 ("even if the bank had undertaken to advise [borrowers] on their tax liability and had mislead [borrowers], they would not be entitled to rely on any such representation"); *Zeeman*, 156 Ga. App. at 87, 273 S.E.2d at 916 (1980) ("claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so"). Instead, the Plaintiff has a duty to exercise ordinary diligence to protect his own interests. *Dollar*, 244 Ga. App. at 117, 534 S.E.2d at 853; *Pardue*, 175 Ga. App. at 814, 334 S.E.2d at 927; *Zeeman*, 156 Ga. App. at 87, 273 S.E.2d at 916.

As Plaintiff cannot rely on any representations or nondisclosures by any of the Defendants herein, Plaintiff cannot maintain a cause of action under the FBPA under any set of facts, much less under the facts in the Complaint. Accordingly, Plaintiff's Complaint must be dismissed in its entirety. *Lynas*, 216 Ga. App. at

437, 454 S.E.2d at 574 ("Lack of justifiable reliance would constitute another reason for barring a FBPA claim").[2]

### e. A Written Demand Is a Condition Precedent to Filing Suit under the FBPA

O.C.G.A. § 10-1-399(b) provides that "[a]t least 30 days prior to the filing of" a Complaint under the FBPA, the plaintiff must deliver to the prospective defendant a "written demand for relief." O.C.G.A. § 10-1-399(b). This written demand "is a statutory prerequisite to the filing of a FBPA suit." *Lynas*, 216 Ga. App. at 436, 454 S.E.2d at 573. This section's purpose is to "reduce the need for litigation by giving the prospective [defendant] the opportunity to resolve the claim before suit is filed." *SunTrust Bank v. Hightower*, 291 Ga. App. 62, 65, 660 S.E.2d 745, 748 (2008). In the case at bar, Plaintiff failed to allege that he delivered the required written demand for relief to Deutsche Bank (or any of the defendants) more than 30 days prior to filing suit.

Therefore, Plaintiff's right to recover under the FBPA is foreclosed by his failure to plead that he delivered a written demand for relief to Deutsche Bank at least 30 days prior to filing suit, as required by O.C.G.A. § 10-1-399(b). *See*

---

[2] Plaintiff has not pleaded a cause of action for fraud or negligent misrepresentation. To the extent that Plaintiff's Complaint can be read to assert a cause of action for either fraud or negligent misrepresentation, such causes of action would also fail for lack of justifiable reliance.

*Brown Realty Assocs., Inc. v. Thomas*, 193 Ga. App. 847, 851, 389 S.E.2d 505, 510 (1989) (reversing jury verdict in favor of the plaintiffs on their FBPA claim and ordering a directed verdict for the defendants on the FBPA claim based on plaintiff's failure to adduce evidence of statutorily required written demand); *Tilly v. Page*, 181 Ga. App. 98, 99(2), 351 S.E.2d 464 (1986) (ruling plaintiff failed to establish prima facie case under the FBPA based on plaintiff's failure to adduce evidence of statutorily required written demand).

### III.  Conclusion

For the foregoing reasons, Deutsche Bank respectfully requests that the Court dismiss Plaintiff's claims against it in their entirety.

Respectfully submitted this 26th day of January, 2009.

                         s/ Sarah-Nell H. Walsh_____
                         Joseph D. Wargo
                         Georgia Bar No. 738764
                         Shanon J. McGinnis
                         Georgia Bar No. 387598
                         Sarah-Nell H. Walsh
                         Georgia Bar No. 141240
                         Wargo & French LLP
                         1170 Peachtree Street, N.E.
                         Suite 2020
                         Atlanta, Georgia 30309
                         (404) 853-1500
                         (404) 853-1501 (facsimile)
                         jwargo@wargofrench.com
                         smcginnis@wargofrench.com
                         swalsh@wargofrench.com

                         *Attorneys for Defendant Deutsche Bank*
                         *National Trust Co.*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this statement has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

s/ Sarah-Nell H. Walsh
Sarah-Nell H. Walsh
Georgia Bar No. 141240

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon Plaintiff by U.S. Mail, postage pre-paid, addressed as follows:

>Ali S. Muhammad
>1851 Penelope Rd.
>Atlanta, Georgia 30314

I have electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF System, which will automatically send electronic mail notification of such filing to the following attorney of record:

>Philip Hasty
>Shapiro & Swertfeger, LLP
>2872 Woodcock Blvd.
>Suite 100 - Duke Building
>Atlanta, GA  30341-3941

This 26th day of January, 2009.

>s/ Sarah-Nell H. Walsh
>Sarah-Nell H. Walsh